# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 6, 2022

Lyle W. Cayce
Clerk

No. 20-61044
Summary Calendar

Sandra Lizeth Penate-De Osorio,

*Petitioner,*

*versus*

Merrick Garland, *U.S. Attorney General,*

*Respondent.*

Petition for Review of an Order of
The Board of Immigration Appeals
No. A 087 997 660

Before King, Costa, and Ho, *Circuit Judges.*

Per Curiam:*

Sandra Lizeth Penate-De Osorio, a native and citizen of El Salvador, entered the United States in 2010. Soon after, immigration officials apprehended Penate and instigated proceedings for her removal. Penate conceded that she was removable but sought relief by applying for asylum,

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-61044

withholding of removal, and protection under the Convention Against Torture. Penate asserted that she was eligible for such relief because she was threatened and extorted by gang members in her home country, and her tormentors' actions amounted to persecution based on her "anti-gang" political opinion.[1] The immigration judge denied Penate's application, and the Board of Immigration Appeals (BIA) dismissed her administrative appeal. We affirm.

To demonstrate persecution based on a political opinion, an applicant for asylum must demonstrate that she was persecuted "*on account of*" her political views." *INS v. Elias-Zacarias*, 502 U.S. 478, 482 (1992). The applicant must come forward with facts showing that (1) the persecutors know of her political opinion and (2) did or will likely persecute her because of that opinion. *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 351 (5th Cir. 2002). On appeal, Penate must further show that the evidence she produced to the immigration court was "so compelling that no reasonable factfinder could fail to find" the requisite elements of her claim. *Elias-Zacarias*, 502 U.S. at 483–84.

Penate has not offered any evidence compelling the conclusion that the harm she suffered was politically motivated. Penate maintains that she demonstrated an anti-gang political opinion by reporting gang members' attempts to extort her to the police, even though she knew the reports would be "futile." But assuming the gang understood those reports as a political statement, the evidence does not compel a conclusion that the gang's

---

[1] Penate also asserted that she was eligible for relief from removal based on her membership in a social group, which she defined as "women who have been sexually abused by family members." The immigration judge held that Penate's proposed social group was not cognizable and that, even if it was, there was no evidence that Penate was or would be persecuted on account of her membership in that group. Penate does not challenge that ruling on appeal.

No. 20-61044

decision to continue harassing her was motivated by anything other than private economic gain. The gang began to extort Penate after she opened a small clothing shop. And, according to Penate, they targeted her because they thought the store was making money. When Penate moved to a new city, the gang found her and threatened to kill her. But again, she says they did so because they wanted her to resume the monthly extortion payment— not because of her general dislike for gangs. Similarly, Penate fears that the gang will harm her if she is returned to El Salvador because she "refused to pay them."

"This court does not recognize economic extortion as a form of persecution under immigration law." *Garcia v. Holder*, 756 F.3d 885, 890 (5th Cir. 2014); *Escobar-Castro v. Wilkinson*, 838 F. App'x 92, 93 (5th Cir. 2021). Substantial evidence supports the BIA's determination that the gang's primary motivation for targeting Penate was economic and not political.

The petition is DENIED.